```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**JAYSON R. FRANCE,**

       **Plaintiff,**

  vs.                                     **Civil Action 2:13-cv-421**
                                            **Judge Smith**
                                            **Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

    This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income. This matter is now before the Court on *Plaintiff's, Jayson R. France, Statement of Errors* ("*Statement of Errors*"), Doc. No. 16, *Defendant's Memorandum in Opposition* ("*Commissioner's Response*"), Doc. No. 23, and plaintiff's reply, Doc. No. 24.

    Plaintiff Jayson R. France filed his application for supplemental security income on March 17, 2010, alleging that he has been disabled since July 5, 2005. *PAGEID* 69, 83, 175. The claim was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

    An administrative hearing was held on October 17, 2011, at which plaintiff, represented by counsel, appeared and testified, as did William Kiger, who testified as a vocational expert, and Ronald Kendrick, who testified as a medical expert. *PAGEID* 91. In a

decision dated December 2, 2011, the administrative law judge concluded that plaintiff was not disabled during the period March 17, 2010, through the date of the administrative decision. *PAGEID* 83-84. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on March 4, 2013. *PAGEID* 55.

Plaintiff was 27 years of age on the date of the administrative decision. *See PAGEID* 83, 175. Plaintiff has at least a high school education, is able to communicate in English, and has past relevant work as a shipping/receiving clerk, meat stock clerk, technical support representative, and cleaner. *PAGEID* 82. He has not engaged in substantial gainful activity since March 17, 2010, the application date. *PAGEID* 71.

## II. Administrative Decision

The administrative law judge found that plaintiff's severe impairments consist of chondromalacia of the patella and medial femoral condyle of the right knee, status postarthroscopy of right knee with partial medial meniscectomy, degenerative disc disease at L5-S2, cervical spondylosis with foraminal stenosis, ulnar nerve neuropathy of the right elbow, obesity, depression, and anxiety. *PAGEID* 71. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to

> perform a substantial portion of the full range of unskilled sedentary work as defined in 20 CFR 416.967(a). The claimant can lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently, can stand or

>     walk 4-5 hours at a time, for a total of 6 hours in an 8-
>     hour work day.  The claimant must be allowed to stand for a
>     minute or two every hour.  He can occasionally bend, kneel,
>     crawl and stoop.  He can occasionally climb stairs but he
>     is precluded from climbing ladders, ropes and scaffolds.
>     He can occasionally reach overhead with his right upper
>     extremity but has no limitations with his left upper
>     extremity.

*PAGEID* 71-73.  The administrative law judge relied on the testimony of the vocational expert to find that this residual functional capacity allows plaintiff to perform a significant number of jobs in the national economy.  *PAGEID* 83.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act.  *PAGEID* 46.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff argues, *inter alia*, that the administrative law judge erred in "fail[ing] to even mention the opinion" of plaintiff's treating source Anthony P. Lattavo, D.O.[1] *Statement of Errors*, p. 13-18. An administrative law judge is required to evaluate every medical opinion, regardless of its source. 20 C.F.R. § 416. 927(c). The opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2). Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to determine how much weight the opinion is entitled to by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which

---

[1] Plaintiff also argues that the administrative law judge erred in concluding that plaintiff's shoulder impairments were not severe and in evaluating an April 23, 2010 functional capacity evaluation. *Statement of Errors*, pp. 18-20. Because the Court concludes that the matter must be remanded for further consideration of Dr. Lattavo's medical opinion, the Court will not consider plaintiff's remaining contentions.

4

the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole.  20 C.F.R. § 416.927(c)(2)-(6); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating provider, *i.e.*, reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).  This special treatment afforded to the opinions of treating providers recognizes that

> "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

*Wilson,* 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)).

Plaintiff began treating with Dr. Lattavo on May 4, 2010.  *PAGEID* 523-24.  Dr. Lattavo diagnosed right knee pain with effusion and ordered an MRI.  *Id*.  Plaintiff continued treatment with Dr. Lattavo through at least October 2011 for knee, shoulder, and back pain.  *See PAGEID* 522 (May 2010); 521 (July 2010); 491-92 (August 2010); 550 (February 2011); 546-47 (March 2011); 565 (May 2011); 564 (June 2011); 572-73 (July 2011); 571 (August 2011); 584 (October 2011).  On October 25, 2011, Dr. Lattavo noted that plaintiff continued to experience

5

significant shoulder pain despite completing a full course of physical therapy. *PAGEID* 584. Upon physical exam, plaintiff had "restricted range of motion in forward flexion, abduction and pain with glenoid labrum provocative maneuvers." *Id*. Dr. Lattavo administered a corticosteroid injection in the right subacromial space, recommended continued therapeutic exercises, and diagnosed right shoulder pain with rotator cuff tendinosis, extensive lebral tear, and paralabral cyst. *Id*.

On November 1, 2011, Dr. Lattavo completed an upper extremity repetitive activity residual functional capacity questionnaire. *PAGEID* 581. Dr. Lattavo indicated that he treated plaintiff for patellofemoral syndrome, patellar tendinosis, glenoid labrum tear, and rotator cuff tendinosis. *Id*. According to Dr. Lattavo, plaintiff had significant limitations in his ability to reach, handle, or finger. *Id*. Specifically, Dr. Lattavo opined that, during an eight-hour workday, plaintiff could not use his right arm to reach overhead, reach with the arm extended, or reach in a flexed position. *Id*. Plaintiff could reach overhead with his left arm only 50 percent of the time. *Id*.

It is undisputed that Dr. Lattavo's November 2011 opinion constitutes a "medical opinion"[2] under the regulations, *cf. West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 697 (6th Cir. 2007) (rejecting

---

[2] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 416.927(a)(2).

6

a treating source opinion because it was "not a specific, medically supported opinion on the nature and severity of [the plaintiff's] impairments; rather it is an assessment on the ultimate issue of whether [the plaintiff] could continue to work with his medical condition"), and the Commissioner concedes that Dr. Lattavo qualifies as a treating physician and that the administrative law judge made no mention of Dr. Lattavo's November 2011 opinion in her decision. *Commissioner's Response*, pp. 9-10. The Commissioner argues, however, that any error in in this regard was harmless. *Id*. Specifically, the Commissioner argues that Dr. Lattavo's "one-page assessment was cursory and could not be credited." *Id*. at p. 9. The Commissioner also argues that, "[b]y discussing evidence that was inconsistent with Dr. Lattavo's opinion that Plaintiff had no mobility in his right arm, the ALJ implicitly provided sufficient reasons for not giving Dr. Lattavo's opinion controlling weight." *Id*. at p. 10. The Commissioner's arguments are without merit.

The administrative law judge characterized Dr. Lattavo as plaintiff's "regular doctor" and discussed Dr. Lattavo's treatment notes. *PAGEID* 78-79. However, the administrative law judge made no specific mention of Dr. Lattavo's November 2011 opinion, she did not evaluate Dr. Lattavo's opinion for controlling weight, nor did she consider the factors required by *Wilson*. The administrative law judge's RFC assessment also does not adequately reflect the limitations articulated by Dr. Lattavo. Nevertheless, the administrative law judge found that "[t]he record does not contain any

7

opinions from treating or examining physicians indicating that the claimant . . . has limitations greater than those determined in this decision." *PAGEID* 82. This determination, in light of the administrative law judge's RFC assessment, suggests that the administrative law judge was not even aware of Dr. Lattavo's November 2011 opinion. Unlike in *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462 (6th Cir. 2006), where the administrative law judge at least referenced the relevant treating source opinions and "implicitly provided sufficient reasons for not giving those opinions controlling weight," *see id*. at 470 ("The ALJ's references to the opinions of Drs. Cook and Peterson are brief . . . ."), 472, there is no indication that the administrative law judge in this case even reviewed Dr. Lattavo's November 2011 opinion. This Court therefore cannot determine if the administrative law judge intended to reject the opinion. *See Blakley v. Comm'r Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009) ("However, the ALJ's failure to follow the Agency's procedural rule does not qualify as harmless error where we cannot engage in 'meaningful review' of the ALJ's decision."); *Tomblin v. Comm'r Soc. Sec.*, 1:10-CV-888, 2011 WL 5859204, at *14 (S.D. Ohio Oct. 20, 2011) ("Here, however, there is no such evidence from which the Court can infer that the ALJ even reviewed Dr. Bell's RFC assessment, making it impossible to determine if the ALJ intended to implicitly reject the opinion."), *report and recommendation adopted by Tomblin v. Comm'r of Soc. Sec.*, 1:10-CV-888, 2011 WL 5859026 (S.D. Ohio Nov. 22, 2011). Even assuming, *arguendo*, that the administrative law judge did

consider Dr. Lattavo's opinion, the administrative law judge did not provide reasons "sufficiently specific to make clear to any subsequent reviewers" the reasons for discounting Dr. Lattavo's opinion. *See Rogers*, 486 F.3d at 242. Moreover, this is not an instance in which the treating source's opinion is so patently deficient that the Commissioner could not possibly credit it. *See Wilson*, 378 F.3d at 547.

In short, the Court concludes that the matter must be remanded for further consideration of the opinion articulated by plaintiff's treating provider, Dr. Lattavo.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** consistent with the foregoing.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.

9

*See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


January 24, 2014                              *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge